UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AARON E. YOUNG,<br>      Petitioner, | Case No. 1:15-cv-637 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, MADISON<br>CORRECTIONAL INSTITUTION,<br>      Respondent. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

This *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on the following motions filed by the petitioner: motion to expand the record (Doc. 11); motion for production of the record (Doc. 13); motion to substitute parties (Doc. 15); and motion for stay and abeyance (Doc. 16). Respondent has filed briefs responding to petitioner's motion for production of the record and opposing petitioner's motions to expand the record and for stay of the case. (*See* Docs. 12, 14, 17). Petitioner has filed a brief in reply to respondent's memorandum in opposition to his motion for stay. (Doc. 18).

Petitioner's unopposed motion to substitute parties (Doc. 15) is **GRANTED**. In the motion, petitioner states that he is no longer imprisoned at Madison Correctional Institution (MCI) and is currently in the custody of the Warden at North Central Correctional Institution (NCCI) in Marion, Ohio. (*See id.*). Because it thus appears that petitioner is now in the custody of NCCI's Warden, the Clerk of Court is **DIRECTED** to change the Court's docket records to reflect that petitioner is now incarcerated at NCCI and to substitute the Warden of NCCI for MCI's Warden as the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Petitioner's motion to expand the record (Doc. 11) is also **GRANTED** to the extent that

1

petitioner requests that the exhibits attached to his motion be included as part of the record before this Court. However, petitioner is hereby informed that, as the respondent has pointed out (*see* Doc. 12), any review by this Court of the merits of grounds for relief that were adjudicated by the state courts will be limited to the state-court record. *See Cullen v. Pinholster*, 563 U.S. 170 (2011).

Petitioner's motion for production of the record (Doc. 13) is **DENIED**. The motion is moot to the extent that respondent has responded to the motion by supplementing the record with petitioner's affidavit and various transcript pages that were attached to petitioner's November 2, 2010 *pro se* state post-conviction petition. (*See* Doc. 14, Ex. 83). With respect to other items that petitioner has requested to be produced, respondent has averred that the items "do not exist or appear in the state court record." (*See id.*, p. 3, at PAGEID#: 610).[1]

Finally, it is RECOMMENDED that petitioner's motion for stay (Doc. 16) be **DENIED**. Upon review of the record, including petitioner's reply to respondent's memorandum in opposition to his stay motion, it appears that this case presents issues of "procedural default" rather than "exhaustion" because at this juncture it appears that there are no further available remedies to pursue in the state courts.

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to substitute parties (Doc. 15) is **GRANTED**. The Clerk of Court is **DIRECTED** to change the Court's docket records to reflect that petitioner is now incarcerated at NCCI and to substitute the Warden of NCCI for MCI's Warden as the proper party

---

[1] Specifically, respondent states that a representative of the Hamilton County Clerk's Office records department has "verified" that (1) the exhibits initially submitted by respondent with the return of writ constitute "the complete record on file and . . . no other affidavit or memorandum pertaining to Young's May 25, 2012 trial court pleading is on file"; and (2) "the Case History shown on the public access docket is correct and . . . there are no supplements or supplemental briefs in the state court record for the First District Court of Appeals Case No. C-140236." (*See* Doc. 14, p. 2, at PAGEID#: 609).

respondent.

    2. Petitioner's motion to expand the record (Doc. 11) is **GRANTED**.

    3. Petitioner's motion for production of the record (Doc. 13) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion for stay and abeyance (Doc. 16) be **DENIED**.


                                                      s/Stephanie K. Bowman
                                                      Stephanie K. Bowman
                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AARON E. YOUNG,
    Petitioner,

vs.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-637

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc