# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AARON E. YOUNG,

                Petitioner,         :    Case No. 1:15-cv-637

    - vs -                      District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Institution,

                              :

                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pro se by Petitioner Aaron Young under 28 U.S.C. § 2254, is before the Court for decision on the merits. The operative pleadings are Petitioner's Second Amended Petition[1] (ECF No. 6), Warden's Return of Writ (ECF No. 8), and Petitioner's Amended Reply (ECF No. 27).

All habeas corpus actions filed in this District are referred to one of the Magistrate Judges for recommended disposition; the case was initially referred to Magistrate Judge Stephanie Bowman. On her Order (ECF No. 2), the Warden filed the Return of Writ and the State Court Record (ECF No. 7). The reference was recently transferred to the undersigned to balance the magistrate judge workload in the Western Division (ECF No. 28).

In the operative pleading, his Second Amended Petition, Young pleads the following

---

[1] A petitioner is entitled to amend without leave of court only once, but the Warden has not objected to the Court's treating the Second Amended Petition as properly filed.

grounds for relief:

> **GROUND ONE:** DENIAL OF EFFECTIVE COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> **Supporting Facts:** (1) Counsel failed to withdraw the plea once it was breached. (2) Appellate counsel failed to adhere to the mandates of First District Court of Appeals local rule App. R. 16.2; and *Anders v. California* when she failed to notify Young to file a supplemental/pro se brief.
>
> **GROUND TWO:** IMPROPERLY INDUCED GUILTY PLEA IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> **Supporting Facts:** (1) Trial counsel promised Young that he would receive a lesser sentence that [sic] what he received.

(Quoted in Return of Writ, ECF No. 8, PageID 559-60.)

**Procedural History**

Petitioner Young was indicted by the Hamilton County grand jury on February 21, 2007, on nine counts of aggravated robbery and nine counts of robbery, each with two firearm specifications and on three counts of witness intimidation (Indictment, State Court Record, ECF No. 7, Exh. 1, PageID 21-34).  After questions about his competency to stand trial were resolved, on December 9, 2009, Young withdrew his not guilty pleas and pled guilty to nine counts of aggravated robbery with a firearm specification and one count of witness intimidation (Guilty Plea Entries, State Court Record, ECF No. 7, Exh. 17, PageID 58-64).  On February 9, 2009, he was sentenced to an aggregate thirty-seven year prison sentence. *Id.*  at Exh. 18, PageID 65-69.

Young appealed through new counsel, but his attorney filed an *Anders* brief. *Id.* at Exh. 21, PageID 73-81. Reviewing the record independently, the First District Court of Appeals concluded that "the proceedings below were free of prejudicial error." *State v. Young*, Case No. C-100065 (1ˢᵗ Dist., Nov. 17, 2010)(unreported, copy at ECF No. 7, Exh. 23, PageID 87-88.) Young filed an untimely Notice of Appeal on April 7, 2014, and the Ohio Supreme Court denied leave for a delayed appeal. *Id.* at Exhs. 24, 26, PageID 89, 98.

On April 25, 2011, Young filed a delayed application to reopen his direct appeal which the First District refused to entertain because it was untimely (Entry, State Court Record, ECF No. 7, Exh. 31, PageID 115). On October 10, 2012, Young filed in the First District a motion for relief from judgment which the court overruled. *Id.* at Exhs.32, 33, PageID 116, 126. The Ohio Supreme Court declined jurisdiction. *Id.* at Exh. 36, PageID 135.

On July 29, 2010, Young filed a motion to withdraw his guilty pleas under Ohio R. Crim. P. 32.1 which Judge West denied for lack of jurisdiction (State Court Record, ECF No. 7, Exhs. 39, 40, PageID 162, 169.) He also filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which Judge West denied for the same reason, but omitted findings of fact and conclusions of law. *Id.* at Exh. 42, PageID 173. Eventually and after remand, Judge West entered findings on June 21, 2012 (State Court Record, ECF No. 7, Exh. 71, PageID 286-87). The First District affirmed that decision on appeal. *State v. Young,* Case No. C-140236 (1ˢᵗ Dist. Mar. 6, 2015)(copy at ECF No. 7, Exh. 75, PageID 339-44.)

On September 29, 2013, Young filed his first habeas corpus petition in this Court in Case No. 1:13-cv-715. On Young's motion and against the advice of Magistrate Judge Wehrman that doing so might render a subsequent petition untimely, Young dismissed that case without

prejudice (State Court Record, ECF No. 7, Exh. 81, PageID 380-81.)  He filed the Petition in this second case on September 30, 2015.

# Analysis

**Ground One:  Ineffective Assistance of Counsel**

**Sub-claim One:  Ineffective Assistance of Trial Counsel**

Young claims his trial attorney provided ineffective assistance when he failed to "withdraw the plea once it was breached."  The trial attorney could not, of course, withdraw the plea on his own, but would have been required to file a motion to that effect in the trial court.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), *citing*

4

*Knowles v. Mirzayance*, 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Petitioner's position is that he had agreed to "an open plea deal to 12 to 20 years." He made this position clear to Judge West when he was sentenced to thirty-seven years imprisonment instead. Judge West in response made it clear that he had never been a party to such a plea agreement and there was nothing in the record to support such an agreement.

If a lawyer had negotiated a plea agreement with an agreed sentencing range of twelve to twenty years and the trial judge thereafter imposed a sentencing of thirty-seven years, it would be incumbent on the trial attorney to move to withdraw the guilty plea or in some way protest the breach. There is no record here that trial counsel ever did that, but there is also no record

5

evidence of such a plea agreement.

In Ohio, ineffective assistance of trial counsel claims which rely on evidence of record at the time of direct appeal must be raised on appeal or they will be barred from being raised later by the Ohio criminal doctrine of res judicata. *State v. Perry*, 10 Ohio St. 2d 175 (1967). On the other hand, if it depends on evidence outside the record, then an ineffective assistance of trial counsel claim must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21.

Since Judge West found there was no record evidence of any plea agreement other than the Guilty Plea Entries which are in the record (ECF No. 7, Exh. 17, PageID 58-64), it would have been pointless to raise this as a claim on direct appeal.

Young filed a petition for post-conviction relief which eventually reached the First District Court of Appeals which decided:

### Postconviction Relief Was Properly Denied

{¶ 6} Mr. Young advances three assignments of error challenging the denial of his postconviction petition. We find that each is without merit.

{¶ 7} Mr. Young was indicted on nine counts of aggravated robbery, nine counts of robbery, and three counts of intimidating a victim or witness. Before trial, he withdrew his not-guilty pleas and entered guilty pleas to the nine counts of aggravated robbery and a single count of victim intimidation, in exchange for the dismissal of the remaining counts. At the plea hearing, the trial court thoroughly reviewed ·with Mr. Young and his counsel the plea entry that Mr. Young had signed. The entry indicated the potential sentence that he faced for each offense and reflected no agreement concerning the sentences to be imposed. The trial court accepted the pleas, found. Mr.Young guilty, ordered a presentence-investigation report,· and set the matter .for sentencing, with no mention by Mr. Young, his counsel, or the assistant prosecuting attorney of an agreement concerning sentencing.

{¶ 8} At the sentencing hearing, the assistant prosecuting attorney requested "the maximum sentence [the court] can impose on this plea." This request prompted an exchange between the trial court and the assistant prosecuting attorney about whether, in the course of plea negotiations, Mr. Young had "been given some leeway" concerning sentencing. The assistant prosecuting attorney, without a word from Mr. Young or his counsel, ultimately agreed with the court's statement that there had been "[n]o promises[,] * * * [n]o commitment on sentencing at all."

{¶ 9} But after the court imposed consecutive sentences totaling 37 years, Mr. Young asked to address the court. He asserted that he had signed an open plea deal [for] 12 to 20 years." The court responded, "Not with me you didn't," while defense counsel contributed only the enigmatic remark, "And that was the agreement." When Mr. Young again asserted his "understanding [that he] was to sign a 12 to 20 open plea deal," the court ended the discussion with the statement, "[T]his was not a plea deal that you plead to."

{¶ 10} In his postconviction petition, Mr. Young sought relief from his convictions on the ground that his guilty pleas had been the unknowing and unintelligent product of his trial counsel's ineffectiveness. A postconviction claim may be denied without a hearing when the petitioner fails. to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21(C); *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson,* 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonab1eness, . and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d i36, 538 N.E.2d 373 (1989).

{¶ 11} In support of his postconviction challenge to his trial counsel's effectiveness, Mr. Young offered only his own affidavit. He asserted that, at the plea hearing, he had been "oblivious to the fact" that the plea entry that the trial court had "read * * * into the record** *WASN'T the plea [entry] that he had just read over, discussed and signed with his attorney," and that he had been, until sentencing, "under the impression that the Court had accepted his guilty plea[s] in return for an open 12 to 20 year plea [agreement] that the state had offered." Counsel, he insisted, was ineffective in

neglecting to correct this mistaken "impression" and in failing to bring this matter to the trial court's attention.

{¶ 12} But the record shows that the trial court devoted considerable .attention to the matter. And before imposing sentence, the assistant prosecuting attorney agreed with the trial court, without objection by Mr. Young or his counsel, that there had been "[n]o promises[,] * * * [n]o commitment on sentencing at all." Mr. Young asserted, after he was sentenced and in his affidavit in support of his postconviction petition, that there had been an agreed sentence, and that defense counsel had misled him concerning the terms of his plea agreement. But these assertions are not otherwise demonstrated. Arid the self-serving statements contained in his affidavit were insufficient as a matter of law to rebut evidence of record to the contrary. See *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).

{¶ 13} A postconviction petition is subject to "summary" denial when, as here, the record "negative[s] the existence of facts sufficient to entitle the prisoner to relief." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph three of the syllabus. We, therefore, hold that the trial court properly denied Mr. Young's petition. *See Pankey*, 68 Ohio St. 2d at 59, 428 N.E.2d 413; Jackson, 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.

{¶ 14} Accordingly, we overrule the assignments of error and affirm the court's judgment.

*State v. Young,* Case No. C-140236 (1st Dist. Mar. 6, 2015)(unreported; copy at ECF No. 7, Exh. 75, PageID 339 et seq.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to, or an objectively unreasonable application of, clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

Here the First District decided Young's ineffective assistance of trial counsel claim on

the merits, applying the appropriate constitutional standard which is embodied in *Strickland, supra*. The burden is on Young to show that this decision is an objectively unreasonable application of *Strickland* or that it is based on an unreasonable determination of the facts based on the evidence before the state courts. This he has failed to do. His claim of ineffective assistance of trial counsel should be dismissed with prejudice. The Court need not reach the complicated question of whether this claim has been procedurally defaulted because procedural default is not a jurisdictional bar and the merits analysis is far more straightforward.

**Subclaim Two: Ineffective Assistance of Appellate Counsel**

Young asserts his appellate counsel provided ineffective assistance of appellate counsel when she failed to provide him with a copy of the *Anders* brief she had filed and notify him to file a pro se supplemental brief.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant

would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.") Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle*, 171 F.3d 408, 427-29 (6th Cir. 1999).

Young presents a detailed explanation of his cause for not presenting this claim to the Ohio courts (Amended Response, ECF No. 27, PageID 692-95). However, he offers no proof of any prejudice. That is to say, he has not presented any meritorious assignments of error which he contends should have been raised by his appellate attorney or would have been raised by him had he been given appropriate notice. His appellate attorney's failure to provide him a copy of her *Anders* brief or notice to file his own brief cannot be ineffective assistance of appellate counsel unless it caused Young to forfeit a winning argument. The First District, as it was required to do by *Anders*, reviewed the record and found no error. Young has not shown there was any error to be found.

**Ground Two:  Improperly Induced Guilty Plea**

Young's Second Ground for Relief is really a reprise of the first subclaim of his First Ground for Relief.  No promise of any sentence by trial counsel is shown on the record.  And when Young presented his own affidavit about that promise as the sole evidence that it had happened, the trial court did not find the claim credible and the First District agreed the affidavit was insufficient evidence.  *State v. Young,* Case No. C-140236 (1st Dist. Mar. 6, 2015)(copy at ECF No. 7, Exh. 75, PageID 339-44.)

The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady v. United States*, 397 U.S. 742, 749 (1970). If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea.  *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was

different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

**Conclusion**

There simply is no objective proof that Young was ever offered an "open plea of 12 to 20 years." Entirely apart from any possible procedural default, Young's claims are without merit and should be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 16, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).