# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AARON E. YOUNG,

        Petitioner,        :    Case No. 1:15-cv-637

  - vs -                       District Judge Michael R. Barrett
                             Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Institution,

                              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 34) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 31). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 35).

Petitioner Young organizes his Objections around three claims: (1) ineffective assistance of appellate counsel, (2) invalid guilty plea, and (3) ineffective assistance of trial counsel. Claims one and three are part of the First Ground for Relief and claim two is the Second Ground for Relief, but for ease of reading they will be analyzed here in the order they are presented in the Objections.

**Ineffective Assistance of Appellate Counsel**

Mr. Young claims his appellate attorney provided ineffective assistance of appellate counsel when she failed to send him a copy of her filed *Anders* brief and notify him to file a pro se supplemental brief on direct appeal (Petition, ECF No. 1, PageID 2).  The Report quotes the general standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and concludes that Young "offers no proof of any prejudice" in that "he has not presented any meritorious assignments of error which he contends should have been raised by his appellate attorney or would have been raised by him had he been given appropriate notice." (Report, ECF No. 31, PageID 723.)

Young objects that he "did present three meritorious claims in his Amended Reply." (Objections, ECF No. 34, citing ECF No. 27, PageID 70102.)  Those claims are as follows:

> 1. Young's plea was not knowingly, inte1ligently and voluntarily [given], in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.
>
> 2. The court relied on inaccurate information in the PSI report to sentence Young, a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.
>
> 3. Denial of Sixth Amendment United States Constitution effective counsel when [trial] counsel failed to object to the erroneous information contained in the PSI report.

*Id.*

The allegedly inaccurate information in the Presentence Investigation Report is that the sentencing judge said Young had served a two-year sentence in Case No. B0005852-B and that he was released from prison on that sentence November 7, 2000.  To prove that this is incorrect,

2

Young has submitted a copy of the Judgment Entry in Hamilton County Case No. B 0005852 which shows that on September 27, 2000, Judge Robert Ruehlman sentenced Young to imprisonment for one year on a charge of attempted burglary and one year on a charge of preparing marijuana for sale, the two terms to be served concurrently and Young to receive credit for fifty-nine days pre-trial confinement (Amended Reply, ECF No. 27-1, PageID 708).  Young has also filed excerpts from the sentencing hearing transcript which show that Judge West, prior to imposing sentence, stated for the record that at the time of sentencing Young was 28 years old and

> His juvenile record consists [sic] of 21 delinquency adjudications for various offenses, including theft, grand theft, menancing [sic], and possession of cocaine.  He was committed to the Department of Youth Services at least three times.
>
> The defendant's prior adult record consists of three felony, plus nine misdemeanor convictions.
>
> The defendant has served two separate prison terms, and was released most recently 2/21/2006, after serving one year in Case Number B0501831.  The defendant previously served two years in Case Number B0005852-B, and was released on 11/7/2000.

*Id.* at PageID 706-07.

The Presentence Investigation Report is not a part of the state court record filed in this case, so this Court cannot examine the text of the PSI to determine whether there are any inaccuracies in that Report.  Furthermore, the PSI would not have been a part of the record on direct appeal.  In Ohio the contents of a PSI are confidential.  *State v. Johnson*, 138 Ohio St. 3d 282 (2014).  Although appellate counsel could have obtained access to the PSI and added relevant parts to the record to show the trial court relied on inaccuracies, that was not done here. *Id*.  Appellate counsel could not have raised as error any inaccuracies in the PSI or any claim of

ineffective assistance of trial counsel for not objecting to such inaccuracies because they were not before the court of appeals. Therefore the second and third assignments of error which were allegedly omitted as a result of ineffective assistance of appellate counsel and which Young claims he would have raised had he been notified of the *Anders* brief would have had no merit because evidence cannot be added to the record on direct appeal in Ohio. While the Report treated these two claims summarily in finding they had no merit, on reconsideration the Magistrate Judge again finds they have no merit.

  Young's first omitted assignment of error relied on for proving ineffective assistance of appellate counsel is that his plea was not knowing, intelligent, and voluntary. As best the Magistrate Judge understands this claim, it is that the plea was not knowing, intelligent, and voluntary because Judge West said he was only going to read part of the plea into the record. Young relies on the plea colloquy transcript in which Judge West states in relevant part:

> The next document, sir, I wish to discuss with you is a three-page document captioned "Entry Withdrawing Plea of Not Guilty and Entering a Plea of Guilty."
>
> And your signature actually appears on Page 6 of 7. This is a 7-page document. And this is your signature, is it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you have a chance to read this document before you signed it?
>
> THE DEFENDANT: Me and my attorney.
>
> THE COURT: You read it with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And discussed it with your attorney?
>
> THE DEFENDANT: Yes, sir.

4

> THE COURT: Now, you and I will also discuss your document, read most of it into the record as we go through this taking of a plea as well. And as we do so, if there is a question or concern, don't hesitate, make me aware of your question or concern.
>
> THE DEFENDANT: Okay.

(State Court Record, ECF No. 7-8, PageID 490-91.[1])  The actual written plea agreement appears in the record at ECF No. 7, PageID 58-64.

There is no requirement either in Ohio law or in the United States Constitution that requires that all of a written plea agreement be read into the record when a defendant is literate and has read the plea agreement with his lawyer.  Young points to no authority holding that, in the absence of such a reading, the following guilty plea is not knowing, intelligent, and voluntary.  Because there is no such requirement as a matter of law, appellate counsel did not provide ineffective assistance of appellate counsel when she failed to raise such a claim.

On reconsideration, the Magistrate Judge again concludes Mr. Young has not raised any meritorious claims which should have been, but were not, raised as assignments of error by his appellate counsel or could have been raised by him in a pro se appellate brief.  Therefore, assuming it was defective performance for his appellate attorney not to send him a copy of the *Anders* brief, he has not demonstrated any prejudice and his ineffective assistance of appellate counsel claim should be dismissed with prejudice.

**Improperly Induced Guilty Plea**

Mr. Young claims he was improperly induced into entering a guilty plea because it was represented to him that he had agreed to "an open plea deal to 12 to 20 years."  The record shows

---

[1] In his Amended Reply, Young gives the citation of "Doc. 7, PAGEID #314-315 (ECF No. 27, PageID 699).  The correct record citation is as it is given in the text.

Mr. Young never stated this understanding until after he had been sentenced by Judge West to thirty-seven years imprisonment. When he stated that understanding, Judge West responded that no such plea deal had been entered into before him and that there was no record evidence of such a plea deal. The Magistrate Judge in the initial Report concluded Judge West was correct in stating there was no record evidence of such a deal. Young objects, but still offers no proof of any signed or written but unsigned plea agreement for 12 to 20 years. Certainly the written Plea Agreements which are part of the record and which are signed by Young, who acknowledged his signature before Judge West, do not say that.

Instead of relying on any signed open plea deal, Mr. Young appears to be relying on a claim that his trial attorney told him that was the agreement, even though that does not appear of record. He refers this Court to *State v. Milanovich*, 42 Ohio St. 2d 46 (1975), where the Ohio Supreme Court held that if a plea was induced by a promise of counsel that shock parole would be granted which was an untrue promise. *Id.* at 49, citing *Machibroda v. United States*, 368 U.S. 487 (1962). In his Objections, Young does not offer any proof that his attorney made such a promise. Instead, he notes that after he made the claim of the 12-20 open plea deal, his attorney "never made an assertion to the court that Young's statement was untrue. Therefore, by counsel not rebutting Young's assertion to the court, Young's in-court statement must stand as truth . . . ." (Objections, ECF No. 34, PageID 735.) Not so. Particularly when Judge West immediately responded that no such plea had been signed before him, it was not incumbent on trial counsel to speak one way or the other on the subject, Certainly the State cannot be held responsible for trial counsel's failure to respond in these circumstances.

Young has not proven his guilty plea was induced by an off-record promise by his trial attorney. His claim that his plea was unknowing, unintelligent, and/or involuntary should be

6

DISMISSED WITH PREJUDICE.

**Ineffective Assistance of Trial Counsel**

Mr. Young's claim of ineffective assistance of trial counsel is that his attorney should have withdrawn his guilty plea "once it was breached." (Second Amended Petition, ECF No. 6, PageID 12.)

The Report noted that in Ohio, an attorney cannot just withdraw a guilty plea, but would have to move to withdraw it (Report, ECF No. 31, PageID 717). Ohio law distinguishes between motions to withdraw pleas made before and after sentencing. Young made no complaint about his plea agreement until after he had been sentenced when he claimed his deal was for a maximum of twenty years. Ohio R. Crim. P. 32.1 permits a motion to withdraw a guilty plea "only before a sentence is imposed; but to correct manifest injustice the court after sentence may set aside the sentence and permit the defendant to withdraw his or her plea." Of course, if Young had a plea deal for a maximum of twenty years and received a sentence of thirty-seven, it would be a manifest injustice and therefore ineffective assistance of trial counsel to fail to make the motion. But, as indicated above, Young has offered no objective proof that any such deal was ever offered, much less accepted and signed. Judge West had expressly said he was aware of no such deal, so it is very unlikely he would have permitted the withdrawal. Young has not proved his trial attorney provided ineffective assistance of trial counsel by not moving to withdraw the plea. Therefore the ineffective assistance of trial counsel claim should be DISMISSED WITH PREJUDICE.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Second Amended Petition should be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 24, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).