# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AARON E. YOUNG,

        Petitioner,    :    Case No. 1:15-cv-637

  - vs -                         District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Institution,
                               :

        Respondent.

## ORDER GRANTING MOTION TO DISMISS

This habeas corpus case, brought pro se by Petitioner Aaron Young under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Dismiss without prejudice (ECF No. 51).

Petitioner filed this case September 30, 2015 (ECF No. 1) and amended the petition twice before an answer was filed (ECF Nos. 5, 6). The Magistrate Judge filed a Report and Recommendations (ECF No. 31) and a Supplemental Report and Recommendations (ECF No. 36), both recommending that the case be dismissed with prejudice. Those recommendations remain pending before Judge Barrett.

The Rules Governing § 2254 Cases do not speak directly to voluntary dismissal, but Rule 12 permits district courts to apply the Federal Rules of Civil Procedure to habeas cases when they are not inconsistent with either a statute of the Habeas Rules. Finding no inconsistency, the Magistrate Judge elects to apply Fed. R. Civ. P. 41 which permits a voluntary dismissal without prejudice on court order "on terms the court considers proper."

1

There will be no prejudice to the State of Ohio arising from dismissal without prejudice since its principal aim in this case has been to sustain the criminal conviction on which Petitioner is confined and a dismissal will leave that judgment in place. While it will not receive a decision from this Court specifically upholding the conviction, it has already assembled the state court record needed to defend the conviction if Mr. Young should file again. In addition, it will have the protection of the statute of limitations, which has not been tolled by the pendency of this action. *Duncan v. Walker,* 533 U.S. 167 (2001). Furthermore, a new habeas filing by Petitioner will face screening under the "second-or-successive" provisions of 28 U.S.C. § 2244(b).

In granting dismissal under Fed. R. Civ. P. 41(a)(2), the Court is empowered to impose appropriate terms. The sole term appropriate here is for the Court to express its complete disagreement with the reason Petitioner gives for dismissal, to wit, his assertion that this Court lacks jurisdiction to entertain his Petition (ECF No. 51, PageID 791). Petitioner has not forfeited that argument by failing to make it earlier in the case because lack of subject matter jurisdiction is a threshold issue which cannot be waived or forfeited. But Petitioner is mistaken in asserting this Court does not have jurisdiction. 28 U.S.C. § 2241 confers jurisdiction to issue the writ of habeas corpus on the Supreme Court or any justice thereof, the district courts, and any court of appeals judge "within their respective jurisdictions." Since Young is confined on a conviction entered in the Common Pleas Court of Hamilton County, Ohio, his Petition was properly filed in this Court. 28 U.S.C. § 2241(d).

Young asserts this Court lacks jurisdiction "since his entire sentence is void," under the Ohio Supreme Court's interpretation of Ohio's firearm specification statute, Ohio Revised Code § 2929.71(A) in *State v. Gaines*, 46 Ohio St. 3d 65 (1989). *Id.* Young's logic is upside down: habeas

corpus is precisely the relief a state prisoner confined on a void or voidable judgement wants to have available. To put it another way, federal habeas jurisdiction exists precisely to prevent imprisonment on unconstitutional convictions and a conviction by a state court without jurisdiction would be a prime example.

In sum, the Magistrate Judge finds this Court has subject matter jurisdiction over Petitioner's habeas claim and personal jurisdiction over his custodian. The Motion to Dismiss without prejudice is GRANTED, but the Court disclaims any agreement with Mr. Young's theory about jurisdiction.

September 5, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge