**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Aaron E. Young, | ) |
| Petitioner, | ) Case No. 1:15-cv-00637 |
| vs. | ) Judge Michael R. Barrett |
| Warden, North Central Correctional Institution, | ) |
| Respondent. | ) |

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 31), Magistrate Judge's Supplemental R&R (Doc. 36), *pro se* Petitioner Aaron Young's Objections to the Magistrate Judge's Decision and Order Denying Motion to Amend (Doc. 58), and Petitioner's Objections to the Magistrate Judge's Supplemental Opinion on Motion to Amend (Doc. 64).

The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed timely objections to the R&R (Doc. 34) and the Supplemental R&R (Doc. 41). Respondent filed timely responses to Petitioner's objections to the Supplemental R&R (Doc. 42), Petitioner's Objections to the Magistrate Judge's Decision and Order Denying Motion to Amend (Doc. 59), and Petitioner's Objections to the Magistrate Judge's Supplemental Opinion on Motion to Amend (Doc. 65).

I. **BACKGROUND**

This matter arises out of Petitioner's habeas action brought pursuant to 28 U.S.C. § 2254 to obtain relief from his December 2009 guilty plea to, and February 2010 conviction on, multiple counts of aggravated robbery and victim/witness intimidation, and February 2010 sentence to an aggregate of 37 years imprisonment. Petitioner sets forth three Grounds for Relief in his Second Amended Petition. (Doc. 6). The Magistrate Judge recommends denying relief and dismissing the Petition with prejudice. (Docs. 31, 36). The Magistrate Judge adequately summarized the procedural background and pertinent facts of this case in the R&R (Doc. 31), Supplemental R&R (Doc. 36), Decision and Order Denying Motion to Amend (Doc. 57), and Supplemental Opinion on Motion to Amend (Doc. 61). The Court will not repeat the same herein unless necessary to respond to Petitioner's objections.

II. **ANALYSIS**

  a. **Standard of Review**

When the Court receives timely objections to a magistrate judge's decision on a nondispositive matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S.

364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### b. Motion to Amend

The Magistrate Judge denied Petitioner's Motion to Amend his Second Amended Petition to add a proposed fourth Ground for Relief: that the trial court committed prejudicial error, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, when it continued to enforce a void sentence. (Doc. 57); *see* (Doc. 56 PageID 804). The Magistrate Judge held that Petitioner's proposed amendment would be futile, *i.e.*, subject to dismissal upon filing, and thus amendment under Federal Rule of Civil Procedure 15(a)(2) was not proper. (Doc. 57). In doing so, the Magistrate Judge found that Petitioner's Motion to Amend was untimely and does not relate to the Grounds for Relief that he asserted in his Second Amended Petition; Petitioner procedurally defaulted in presenting the proposed amendment to the state courts; Petitioner failed to establish cause and prejudice to overcome that procedural default; and this Court is obligated to defer to the state courts' determinations that Petitioner's conviction and sentence are not void under Ohio law. (Docs. 57, 61).

Petitioner argues that his proposed amendment does relate to the Grounds for Relief that he included in his Second Amended Petition. (Doc. 58 PageID 815-16); (Doc. 64 PageID 838-42). He initially relies on arguments that he raised for the first time in his Reply to Respondent's Return of Writ. (Doc. 58 PageID 815-16) (citing (Doc. 27) (Reply)). The Court agrees with Respondent that claims asserted for the first time in a reply, also known as a traverse, are not properly presented. (Doc. 59 PageID 826); *see Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived."); *Palmer v. Bagley*, No. 1:00-CV-882, 2005 WL 3965400, at *8 (S.D. Ohio Dec. 16, 2005), *report and recommendation adopted*, No. 1:00-CV-882, 2006 WL 1027733 (S.D. Ohio Apr. 17, 2006), *aff'd*, 330 F. App'x 92 (6th Cir. 2009) ("A traverse, however, it not the proper vehicle in which to raise new claims or sub-claims in habeas corpus."); *accord Hadley v. United States*, No. 1:06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010)) ("It is well-established that a party . . . may not raise an argument for the first time in a reply brief.").

Petitioner, in response to the Supplemental R&R, reasserts that his proposed amendment relates to Grounds One and Two in his Second Amended Petition. (Doc. 64 PageID 838-42). He contends the proposed amendment relates to Ground One because both involve argument that his trial counsel failed to withdraw his plea agreement once it was clear that the plea agreement was breached. (*Id.* PageID 838, 841-42). He contends that the proposed amendment relates to Ground Two because both involve argument that his plea was improperly brought about with promises that he would receive a lesser sentence than his actual sentence. (*Id.* PageID 838, 842). Petitioner also spends a large

4

portion of his objections arguing the merits of his proposed amendment. (*Id.* PageID 838-42).

The Court agrees with the Magistrate Judge that the proposed amendment does not relate back to Grounds One and Two in the Second Amended Petition. (Doc. 57 PageID 811) (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005)). As the Magistrate Judge explained, Petitioner's Grounds One and Two center on the idea that "his plea was invalid because it was induced by a promise of a particular sentence" to 12-20 years imprisonment, and his proposed amendment centers on the idea that "his plea is invalid because the indictment, made in terms of a BB gun, fails to charge a firearm specification under Ohio law." (Doc. 61 PageID 81). Petitioner does not convince the Court that the Magistrate Judge's finding that the proposed amendment involves a different legal theory based on different facts from Grounds One and Two is clearly erroneous or is contrary to law. *See* FED. R. CIV. P. 72(a).

Petitioner also argues that the Magistrate Judge erred by finding that Petitioner procedurally defaulted in presenting the proposed amendment to the state courts. (Doc. 58 PageID 816-18). He states that the State of Ohio First Appellate District ("First District") "incorrectly characterized [his] claim as an insufficiency of the evidence claim" and the Magistrate Judge relied on the First District's erroneous characterization to "conclude[] that the amendment would be futile because the claim is procedurally defaulted in the State courts." (*Id.* PageID 817) (citing (Doc. 57 PageID 811)). Petitioner asserts that he "did not raise an issue of insufficiency of the evidence," that he did raise the issue that his sentence on the firearm specification is void, and that "[a] void sentence . . . may be reviewed at any time." (Doc. 58 PageID 816-17).

5

The First District explained that Petitioner's "Motion to Correct a Void Sentence" that he filed with the trial court regarding the firearm specification and his plea agreement "did not designate . . . a statute or rule under which" Petitioner sought relief and, accordingly, the trial court and First District analyzed Petitioner's filing as both a petition for postconviction relief based on legally insufficient evidence pursuant to Ohio Revised Code § 2953.21 and a motion to correct a void sentence pursuant to the court's inherent powers. *State v. Young*, 2019-Ohio-134, *appeal not allowed*, 2019-Ohio-1759, ¶ 8, 155 Ohio St. 3d 1458, 122 N.E. 3d 217 (relying on Ohio Rev. Code § 2953.21(A)(1) and *State ex rel. Cruzado v. Zaleski*, 111 Ohio St. 3d 353, 2006-Ohio-5795, 856 N.E. 2d 263, ¶¶ 18-19 (discussing Ohio court's inherent power to correct a void sentence)).

With respect to interpreting Petitioner's state court filing as a petition for postconviction relief, the trial court found, and First District affirmed, that such a petition was impermissibly untimely, and those courts thus lacked jurisdiction to entertain it. *Young*, 2019-Ohio-134, ¶¶ 4-6. With respect to interpreting Petitioner's state court filing as a motion to correct a void sentence, the trial court found, and the First District affirmed, that Petitioner's argument was not subject to correction under the trial court's jurisdiction to correct a void sentence because Petitioner actually pleaded guilty to possessing a firearm in the course of an aggravated robbery (and not to possessing a BB gun); that plea was knowing, intelligent, and voluntary (despite Petitioner's prior failed arguments otherwise); and his valid plea agreement included a waiver of this argument (*i.e.*, a waiver to challenge the sufficiency of the evidence to prove possession of a firearm); and a valid waiver in a valid plea agreement precluded Petitioner's requested relief. *Id.* ¶¶ 7-11.

6

The Magistrate Judge held that the First District's holding regarding its interpretation of Petitioner's state court filing as a motion to correct a void sentence "amounts to a decision on the merits of a question of Ohio law," "this Court would be bound to follow the Ohio's courts' decision on this question of Ohio law," and the proposed amendment would be futile "because it would be dismissible on the merits for failure to state a federal constitutional claim on which relief could be granted." (Doc. 61 PageID 833) (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)). Petitioner fails to acknowledge the state courts' holding regarding its interpretation of his state court filing as a motion to correct a void sentence and the fact that this Court is obligated to defer to the state courts' determination that his conviction and sentence are not void under Ohio law. Consequently, Petitioner's objections do not convince the Court that the Magistrate Judge's denial of his motion to amend is clearly erroneous or is contrary to law. *See* FED. R. CIV. P. 72(a).

### c. Ground One: Ineffective Assistance of Appellate Counsel

The Magistrate Judge acknowledged that Petitioner lists three arguments that he contends his appellate counsel should have raised, or he would have raised in a *pro se* brief if given the chance, on direct appeal. (Doc. 36 PageID 745-48). The Magistrate Judge found that, even assuming, without deciding, that his appellate counsel's performance was defective, Petitioner fails to demonstrate that he was prejudiced by appellate counsel's failure to provide him a copy of the *Anders* brief and notify him to file a *pro se* brief. (*Id.* PageID 748); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984); *cf. Anders v. California*, 386 U.S. 738 (1967). Petitioner responds that "he has put forth a showing that there is a reasonable probability [ ], that if it was not for his counsel's failure to raise these [ ] claims on appeal, he would have prevailed on appeal." (Doc. 41 PageID 760). However,

7

aside from repeating the three arguments that he would have presented on appeal and maintaining that he has shown a reasonable probability, Petitioner does not explain or demonstrate that there is a reasonable probability that, but for appellate counsel's alleged failure to raise those three arguments, Petitioner would have prevailed on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (holding that the two-part test in *Strickland* applies to appellate counsel). Simply concluding that one has demonstrated reasonable probability does not make it so, and, after a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's analysis and recommendation that Petitioner's first Ground for Relief should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

### d. Ground Two: Improperly Induced Guilty Plea

The Magistrate Judge acknowledged Petitioner's argument that he was improperly induced into his guilty plea because his trial counsel promised that he would receive a 12 to 20-year sentence, but he actually received a 37-year sentence. (Doc. 31 PageID 724-25); (Doc. 36 PageID 748-70). The Magistrate Judge found that there is no record evidence of a promise of a 12 to 20-year sentence, or any range of sentence, made by trial counsel to Petitioner, aside from Petitioner's own affidavit which the state courts found to be not credible and insufficient. (Doc. 31 PageID 724-25).

Petitioner's reliance on *State v. Milanovich*, 42 Ohio St. 2d 46, 325 N.E. 2d 540 (1975), in his objections is misplaced, as the Ohio Supreme Court modified *Milanovich* in *State v. Kapper*, 5 Ohio St. 3d 36, 448 N.E. 2d 823 (1983). In *Kapper*, the court explained that, in light of the adoption of Ohio's Criminal Rule 11, a post-conviction court has

> a far more adequate record than was available in *Milanovich*. [Therefore,] [d]efendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or

8

> defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing.

*Goodballet v. Mack*, No. 4:00-CV-122, 2003 WL 21353748, at *3 (N.D. Ohio Apr. 8, 2003) (quoting *Kapper*, 5 Ohio St. 3d at 38, 448 N.E. 2d at 825-26 ). Here, Petitioner "offers no such affidavit from the court, prosecutors or defense counsel." *Id.* After a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's analysis and recommendation that Petitioner's Second Ground for Relief should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

### e. Ground Three: Ineffective Assistance of Trial Counsel

The Magistrate Judge acknowledged Petitioner's argument that his trial attorney provided ineffective assistance by failing to move to withdraw the plea at the sentencing hearing when it was clear that the plea agreement was breached. (Doc. 31 PageID 717-22); (Doc. 36 PageID 750-51). The Magistrate Judge found that Petitioner failed to meet his burden to establish either that the First District's decision was an objectively unreasonable application of *Strickland* or that the First District's decision was based on an unreasonable determination of the facts based on the evidence before the state courts. (Doc. 31 PageID 722). Petitioner's reliance on *Milanovich* in his objections is once more misplaced, and, after a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's analysis and recommendation that Petitioner's Third Ground for Relief should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

### III. CONCLUSION

In light of the above, it is hereby **ORDERED** that the Magistrate Judge's R&R (Doc. 31) and Supplemental R&R (Doc. 36) are **ADOPTED** and Petitioner's Objections to the Magistrate Judge's Decision and Order Denying Motion to Amend (Doc. 58) and

Supplemental Opinion on Motion to Amend (Doc. 64) are **OVERRULED**. Moreover, it is **ORDERED** that Petitioner is denied a certificate of appealability as reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis* as the Court certifies that any appeal would be objectively frivolous. Petitioner's habeas proceeding, 1:15-cv-637, is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court