# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

AARON E. YOUNG,

                Petitioner,         :    Case No. 1:15-cv-637

   - vs -                      District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Institution,

                             :

                Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Aaron Young, is before the Court on Petitioner's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e)(ECF No. 68). The Motion is directed to the Court's Judgment of December 1, 2020 (ECF No. 66).

Petitioner's Motion was mailed January 20, 2021 (See postmark at PageID 869). Fed.R.Civ.P. 59(e) sets an inflexible deadline for such motions of twenty-eight days after entry of the judgment sought to be amended.  In this case that deadline was December 28, 2020; the Motion was not field until more than three weeks later.

Because the Motion was untimely filed, it must be denied.

January 28, 2021.

                                  s/ *Michael R. Merz*
                              United States Magistrate Judge

1

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.

## NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**