# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AARON E. YOUNG,

       Petitioner,        :       Case No. 1:15-cv-637

 - vs -                              District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN,
 North Central Correctional Institution,

                                        :

       Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Aaron Young, is before the Court on Petitioner's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e)(ECF No. 68). On January 28, 2021, the Magistrate Judge recommended the Motion be denied because it was mailed more than twenty-eight days after judgment on the merits ("59(e) Report", ECF No. 69). Judgment had been entered on December 1, 2020 (ECF No. 66, 67).

The 59(e) Report was served on Petitioner by mail January 28, 2021, the day it was filed, and advised Petitioner that any objections were required to be filed within seventeen days, or not later than February 16, 2021 (taking into account weekends and President's Day)(ECF No. 69, PageID 871). Through a clerical error, however, Judge Barrett's Order adopting the 59(e) Report was filed February 12, 2021, before Young's time to object had expired. Young's Objections to the 59(e) Report contain a Certificate of Service of February 8, 2021 (ECF No. 71, PageID 874);

1

the attached mailing envelope has no postmark. The Objections to the 59(e) Report claim that Young deposited his Objections to the Merits Report in the prison mail system December 28, 2020, even though it was postmarked three weeks later.

Rather than attempting to unravel the mailing dates, it is expedient to deal with Young's Objections to the Merits Report as if they had been timely filed. Judge Barrett has recommitted the case to allow this consideration (ECF No. 73). Accordingly, the 59(e) Report (ECF No. 59) is WITHDRAWN and this Report is SUBSTITUTED for it.

## Analysis

**Legal Standard**

Young brought his Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e). For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v.*

2

*Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. The ten-day limit of Rule 59(e)... applies to an inherent power that a district court has even prior to the entry of judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). That power is "distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *Id.* Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion filed more than ten days after entry of final judgment does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS,* 514

U.S. 386, 401, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

*Howard v. United States*, 533 F.3d 472, 474-75 (6th Cir. 2008).

**Application**

Aaron Young was indicted by the Hamilton County grand jury thirteen years ago on February 21, 2007, on nine counts of aggravated robbery and nine counts of robbery, each with two firearm specifications and on three counts of witness intimidation (Indictment, State Court Record, ECF No. 7, Exh. 1, PageID 21-34). On December 9, 2009, Young withdrew his not guilty pleas and pled guilty to nine counts of aggravated robbery with a firearm specification and one count of witness intimidation (Guilty Plea Entries, State Court Record, ECF No. 7, Exh. 17, PageID 58-64). On February 9, 2009, he was sentenced to an aggregate thirty-seven year prison sentence. *Id.* at Exh. 18, PageID 65-69.

Young's First Ground for Relief pleaded a sub-claim of ineffective assistance of trial counsel for failure to move to withdraw the guilty plea after, in Young's mind, the plea agreement had been breached. Petitioner's position is that he had agreed to "an open plea deal to 12 to 20 years." Young raised this claim in a petition for post-conviction relief under Ohio Revised Code § 2953.21. The trial court denied the petition and on appeal the First District held:

> {¶ 7} Mr. Young was indicted on nine counts of aggravated robbery, nine counts of robbery, and three counts of intimidating a victim or witness. Before trial, he withdrew his not-guilty pleas and entered guilty pleas to the nine counts of aggravated robbery and a single count of victim intimidation, in exchange for the dismissal of the remaining counts. At the plea hearing, the trial court thoroughly reviewed with Mr. Young and his counsel the plea entry that Mr. Young had signed. The entry indicated the potential sentence that he

4

faced for each offense and reflected no agreement concerning the sentences to be imposed. The trial court accepted the pleas, found. Mr. Young guilty, ordered a presentence investigation report, and set the matter .for sentencing, with no mention by Mr. Young, his counsel, or the assistant prosecuting attorney of an agreement concerning sentencing.

{¶ 8} At the sentencing hearing, the assistant prosecuting attorney requested "the maximum sentence [the court] can impose on this plea." This request prompted an exchange between the trial court and the assistant prosecuting attorney about whether, in the course of plea negotiations, Mr. Young had "been given some leeway" concerning sentencing. The assistant prosecuting attorney, without a word from Mr. Young or his counsel, ultimately agreed with the court's statement that there had been "[n]o promises[,] * * * [n]o commitment on sentencing at all."

{¶ 9} But after the court imposed consecutive sentences totaling 37 years, Mr. Young asked to address the court. He asserted that he had signed an open plea deal [for] 12 to 20 years." The court responded, "Not with me you didn't," while defense counsel contributed only the enigmatic remark, "And that was the agreement." When Mr. Young again asserted his "understanding [that he] was to sign a 12 to 20 open plea deal," the court ended the discussion with the statement, "[T]his was not a plea deal that you plead to."

{¶ 10} In his postconviction petition, Mr. Young sought relief from his convictions on the ground that his guilty pleas had been the unknowing and unintelligent product of his trial counsel's ineffectiveness. A postconviction claim may be denied without a hearing when the petitioner fails. to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21(C); *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson,* 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonab1eness, and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d i36, 538 N.E.2d 373 (1989).

{¶ 11} In support of his postconviction challenge to his trial counsel's effectiveness, Mr. Young offered only his own affidavit. He asserted that, at the plea hearing, he had been "oblivious to the fact" that the plea entry that the trial court had "read * * * into the

> record** *WASN'T the plea [entry] that he had just read over, discussed and signed with his attorney," and that he had been, until sentencing, "under the impression that the Court had accepted his guilty plea[s] in return for an open 12 to 20 year plea [agreement] that the state had offered." Counsel, he insisted, was ineffective in neglecting to correct this mistaken "impression" and in failing to bring this matter to the trial court's attention.
>
> {¶ 12} But the record shows that the trial court devoted considerable attention to the matter. And before imposing sentence, the assistant prosecuting attorney agreed with the trial court, without objection by Mr. Young or his counsel, that there had been "[n]o promises[,] * * * [n]o commitment on sentencing at all." Mr. Young asserted, after he was sentenced and in his affidavit in support of his postconviction petition, that there had been an agreed sentence, and that defense counsel had misled him concerning the terms of his plea agreement. But these assertions are not otherwise demonstrated. And the self-serving statements contained in his affidavit were insufficient as a matter of law to rebut evidence of record to the contrary. See *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).
>
> {¶ 13} A postconviction petition is subject to "summary" denial when, as here, the record "negative[s] the existence of facts sufficient to entitle the prisoner to relief." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph three of the syllabus. We, therefore, hold that the trial court properly denied Mr. Young's petition. See *Pankey*, 68 Ohio St. 2d at 59, 428 N.E.2d 413; *Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.

*State v. Young,* Case No. C-140236 (1st Dist. Mar. 6, 2015)(unreported; copy at ECF No. 7, Exh.75, PageID 339 et seq.)

The Magistrate Judge's original Report and Recommendations on the merits quoted this language from the First District's opinion and found that it was a decision on the merits and entitled to deference because it was a not unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984)(ECF No. 31, PageID 721-22). The Magistrate Judge adhered to this conclusion in the Supplemental Report and Recommendations (ECF No. 36). Judge Barrett adopted those Reports and dismissed the case in the judgment Young now seeks to amend (ECF No. 66).

6

In his current Objections, Young reargues the question of whether there is record evidence of the plea agreement he claims he accepted (ECF No. 68, PageID 863-64). Young has not overcome with clear and convincing evidence the findings of both the Hamilton County Court of Common Pleas and the First District that there is no such evidence in the direct appeal record and Young submitted only his own uncorroborated affidavit in post-conviction.

Young next argues that the colloquy among the prosecutor, trial counsel, himself, and the trial judge at the time of sentencing is ambiguous as to the plea agreement (Objections, ECF No. 68, PageID 864-65). He argues that ambiguity in these circumstances must, under Ohio law, be construed against the State. *Id.* citing *State v. Johnson*, 201 Ohio App. LEXIS 999 (Ohio App. 8th Dist. 2001), and *State v. Blaine,* 2004-Ohio-1241 (Ohio App. 4th Dist 2004). *Johnson* holds that when a speedy trial record is ambiguous, the Eighth District construes ambiguities in favor of the accused. *Blaine* construed in a defendant's favor ambiguities in a civil stalking protection order and mentions in dicta other situations where ambiguities are to be construed in a particular way.

In this particular case, the Court of Appeals was not deciding whether a plea agreement was ambiguous. Instead, it found there was no credible evidence at all that the plea agreement Young claims existed actually did exist. In an event the question whether the verbal exchange at sentencing is ambiguous or is to be construed in favor of the defendant is, as Young himself insists, a question of Ohio law. On state law questions, this Court is bound by state court decisions, even in the case in suit. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Next Young objects to this Court's deference to the First District's decision that Young's sentence was not void (Objections, ECF No. 68, PageID 866-67). This section of the Objections requires no analysis beyond what is in the original Report on the merits.

**Conclusion**

Young has not shown that this Court's judgment on the merits is infected with manifest error of law.  Accordingly, the Magistrate Judge respectfully recommends Young's Motion to Amend the Judgment (ECF No. 68) be denied on the merits.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 25, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.