UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Aaron E. Young, | ) |
| | ) |
| Petitioner, | ) Case No. 1:15-cv-00637 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Warden, North Central Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

**<u>OPINION & ORDER</u>**

This matter is before the Court on the Magistrate Judge's Substituted Report and Recommendation ("R&R") (Doc. 74) regarding Petitioner's Motion to Alter and Amend the Judgment (Doc. 68).

The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections in a timely manner. (Doc. 74 PageID 893); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed timely objections (Doc. 75) and Respondent filed a timely response to Petitioner's objections (Doc. 76). The Magistrate Judge has more than adequately summarized the procedural background and pertinent facts of this case in the currently pending R&R (Doc. 74) and the past R&Rs *see, e.g.*, (Docs. 31, 36). The Court will not repeat the same herein.

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Magistrate Judge noted, and Petitioner did not disagree, that Petitioner brought his Motion to Alter and Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 74 PageID 887); *see* (Doc. 75).  As the Magistrate Judge explained, "[a] court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)); (Doc. 74 PageID 887-89). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Where the movant fails to introduce new evidence, and instead relies solely on facts and arguments that were in the record at the time the court issued its decision, the motion is improper. *Max Rack, Inc. v. Core Health & Fitness, LLC*, No. 2:16-CV-01015, 2020 WL 4933920, at *4 (S.D. Ohio Aug. 24, 2020) (citing cases).

Petitioner has not identified a clear error of law, introduced any newly discovered evidence, identified an intervening change in controlling law, or identified a manifest injustice that will result if the Court's ruling is left to stand. (Doc. 75). Instead, Petitioner's objections re-argue his case and largely repeat objections that he already raised and that the Court already denied. (*Id.*). As noted above, and by the Magistrate Judge, a motion to alter or amend under Rule 59(e) is to be used to correct errors of law, or fact, or to present newly discovered evidence. *Intera Corp.*, 428 F.3d at 620. Petitioner's objections do not

convince the Court that an error of law, an error of fact, or newly discovery evidence is present in this matter. Accordingly, and after a de novo review, the Court finds that relief under Rule 59(e) is not warranted. *See id.*; *Max Rack, Inc.*, 2020 WL 4933920, at *4; *see also* FED. R. CIV. P. 72(b)(3).

In light of the above, it is hereby **ORDERED** that the Magistrate Judge's R&R (Doc. 74) is **ADOPTED** and Petitioner's Objections thereto (Doc. 75) are **OVERRULED**. Moreover, it is **ORDERED** that Petitioner is denied a certificate of appealability as reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis* as the Court certifies that any appeal would be objectively frivolous. Petitioner's habeas proceeding, 1:15-cv-637, remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                               _/s Michael R. Barrett_____
                                               Michael R. Barrett, Judge
                                               United States District Court